■ Michael Wojcinski, Individually and as Parent and Natural Guardian of Jessica Wojcinski, an Infant, Appellant, v David A. Byrd et al., Respondents, et al., Defendants. [807 NYS2d 893]—Appeal from an order of the Supreme Court, Niagara County (Erin M. Peradotto, J.), entered March 22, 2005 in a personal injury action. The order denied plaintiff's motion for leave to reargue and to vacate the order entered upon plaintiff's default.

It is hereby ordered that said appeal from the order insofar as it denied leave to reargue be and the same hereby is unanimously dismissed and the order is affirmed without costs.

Memorandum: Plaintiff appeals from an order denying his motion seeking leave to reargue the motion of defendants David A. Byrd and Deborah J. Campbell for summary judgment dismissing the complaint against them and to vacate the order granting that motion upon plaintiff's default. To the extent that the order denied that part of plaintiff's motion seeking leave to reargue, the appeal therefrom is dismissed (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]). We affirm the order to the extent that it denied that part of plaintiff's motion seeking to vacate the order entered upon plaintiff's default (*see* CPLR 5015 [a] [1]). As Supreme Court properly determined, the conclusory affidavit of plaintiff's expert is insufficient to establish that plaintiff has a meritorious cause of action (*see generally Double Diamond Equity, Inc. v Valerie*, 23 AD3d 1103 [2005]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.